## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION


MICHAEL W BLACK,                                            CASE NO. _____

      Plaintiff

v.


MARTIN CORRECTIONAL INSTITUTION,
SOUTH FLORIDA RECEPTION CENTER,
LELUNDE A. EDWARDS, FERNANDO A. RIOS,
RONALD K. SMITH, TED A. SHEPARD,
HEIDY TERRERO, ALESHA M. JOHNSON a/k/a
ALESHA SANTIAGO, and OFFICER VALDEZ.
      Defendants.

_____/


## COMPLAINT

Plaintiff, MICHAEL W. BLACK ("BLACK"), by and through undersigned counsel, files

this action against Defendants MARTIN CORRECTIONAL INSTITUTION, SOUTH FLORIDA

RECEPTION CENTER ("SFRC"), LELUNDE A. EDWARDS ("EDWARDS"), FERNANDO A.

RIOS ("RIOS"), RONALD K. SMITH ("SMITH"), TED A. SHEPARD ("SHEPARD"), HEIDY

TERRERO ("TERRERO"), ALESHA JOHNSON a/k/a ALESHA SANTIAGO ("JOHNSON"),

and OFFICER VALDEZ ("VALDEZ"), and hereby alleges as follows:


## NATURE OF THE CASE

1.      This is a 42 U.S.C. §1983 claim arising out of violation of Plaintiff's Eighth

Amendment right to be free from cruel and unusual punishment.

## JURISDICTION, VENUE, AND PARTIES

2.      Jurisdiction. This Court has original jurisdiction over Plaintiff's Section 1983 claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4) and this involves a federal question regarding the deprivation of Plaintiff's rights under Section 1983.

3.      Venue. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

4.      At all times material, Plaintiff BLACK was a prison inmate incarcerated under the supervision of the Florida Department of Corrections.

5.      Defendant SOUTH FLORIDA RECEPTION CENTER ("SFRC") is a Florida state prison for men located in unincorporated Miami-Dade County, Florida, owned and operated by the Florida Department of Corrections.

6.      Defendant MARTIN CORRECTIONAL INSTITUTION ("MCI") is a Florida state prison located in Indiantown, Martin County, Florida.

7.      At all times material, Defendants EDWARDS, RIOS, SMITH, SHEPARD, AND TERRERO were corrections officers employed by Florida Department of Corrections, working at South Florida Reception Center.

8.      At all times material, Defendants JOHNSON and VALDEZ were corrections officers employed by the Florida Department of Corrections, working at Martin Correctional Institution.

9.      At all times material, Shimeeka Gridine ('Grindine") was an inmate at Martin Correctional Institution.

10.     At all times material, Devon Mitchell ("Mitchell") was an inmate at Martin Correctional Institution.

11.     All conditions precedent to maintaining this action have been satisfied by Plaintiff or have been excused or waived by Defendants.

## GENERAL ALLEGATIONS

### The January 2, 2019 Incident

12.     On or about January 2, 2019, at South Florida Reception Center, Plaintiff cut himself several times with a razor, and declared he was experiencing a mental health emergency.

13.     When corrections officers failed to respond to his declaration of emergency, Plaintiff picked up a broom and knocked on the officer station window, to elicit an officer response so he could obtain medical care.

14.     After knocking on the officer station window, Plaintiff lay on the floor in a prone position, continuing to state "psychological emergency," and an officer restrained Plaintiff with handcuffs.

15.     Multiple corrections officers, including Defendants EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO, then escorted Plaintiff to a dark, secluded area next to the chapel, and hit and kicked him viciously while he was still in handcuffs. During the beating, Plaintiff heard an officer state, "kick him to sleep," and Plaintiff sustained multiple injuries, including abrasions to his chest and back.

16.     During the beating, a superior officer arrived and began video recording the incident, at which point the officers perpetrating the beating ceased using force because they were being recorded.

17.     Plaintiff was then escorted to detention without first being strip searched according to protocol. One corrections officer was subsequently counseled for not following procedure.

18.     Plaintiff underwent a "post-use-of-force exam" January 3, 2019, which revealed that Plaintiff sustained multiple abrasions on his upper left back and upper right chest, lacerations on both forearms, and his body temperature and blood pressure were elevated, further indicating physical distress.

19.     Plaintiff declined to make a written statement describing the incident; however, he stated that he was "still going through a psychological emergency" and experiencing extreme mental distress as a result of the incident.

20.     Despite his ongoing mental health crisis, Plaintiff was placed in administrative confinement, a form of solitary confinement separating him from the general prison population.

21.     According to statistics published by the Southern Poverty Law Center, 48% of incarcerated people in Florida solitary or administrative confinement suffer from a mental illness.

**The July 27, 2020 Incident**

22.     On July 27, 2020, at Martin Correctional Institution, inmate Gridine stabbed Plaintiff in the back of his neck.

23.     As a result of the stab wound, Plaintiff was partially paralyzed on the right side of his body.

24.     Prior to the stabbing, Plaintiff learned that inmate Mitchell was engaged in a sexual relationship with a corrections officer, Defendant JOHNSON.

25.     Plaintiff became aware that Inmate Mitchell and Defendant Officer JOHNSON had intercourse with one another in a mop closet.

26.     Plaintiff also learned that Defendant Officer JOHNSON brought contraband, including cell phones and drugs, to inmate Mitchell.

27.     When inmate Michell and Defendant officer JOHNSON became aware that Plaintiff knew of their sexual relationship, they threatened him with serious injury.

28.     On July 26, 2020, Defendant officer JOHNSON approached Plaintiff and stated, **"I am going to have you flipped and it is going to be over for you."**

29.     According to this threat, Defendant officer JOHNSON intended to severely injure and/or kill Plaintiff.

30.     Approximately one hour later, Defendant officer VALDEZ walked by Plaintiff's cell and said, "I heard that you are trying to check in and I thought that we had an agreement."

31.     By these words, Defendant officer VALDEZ communicated to Plaintiff that he knew Plaintiff was aware of the ongoing sexual relationship between Defendant Officer JOHNSON and inmate Mitchell, and he intended for Plaintiff to refrain from disclosing it.

32.     On July 27, 2020, inmate Gridine carried out the threat made by Defendants officer JOHNSON and officer VALDEZ, by stabbing Plaintiff.

33.     On August 13, 2020, Plaintiff filed an incident report alleging a violation of Prison Rape Elimination Act of 2003 ("PREA").

## COUNT I
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY AND PROTECTION UNDER THE EIGHTH AMENDMENT FOR THE JANUARY 2, 2019 INCIDENT AGAINST DEFENDANTS EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO PURSUANT TO 42 U.S.C. §1983

34.     Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 21, inclusive, as though fully set forth herein.

35.     At all times material, Defendants EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO were acting under color of state law.

36.     The actions and/or omissions of Defendants EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO resulted in the deprivation of Plaintiff's constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment.

37.     Defendants EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO ignored Plaintiff's suicidal ideation during his stated "psychological emergency," and instead physically beat him.

38.     Defendants EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO used excessive force to cruelly beat Plaintiff while he was experiencing a mental health crisis.

39.     The forced used by Defendants EDWARDS, RIOS, SMITH, SHEPARD, and TERRERO was used maliciously and sadistically for the purpose of causing harm to Plaintiff.

40.     As a result of said unnecessary, wanton use of force, Plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment.

41.     Plaintiff suffered and continues to suffer physical and mental injury as a result of same.

**COUNT II**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY AND PROTECTION**
**UNDER THE EIGHTH AMENDMENT FOR THE JANUARY 2, 2019 INCIDENT**
**AGAINST DEFENDANT SOUTH FLORIDA RECEPTION CENTER**
**PURSUANT TO 42 U.S.C. §1983**

42.     Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 21, inclusive, as though fully set forth herein.

43.     At all times material, Defendant SOUTH FLORIDA RECEPTION CENTER ("SFRC") was acting under color of state law.

44.     Defendant SFRC deprived Plaintiff of his Eighth amendment right by its deliberate indifference to the injuries inflicted upon Plaintiff by corrections officers during Plaintiff's mental health emergency.

45.     The forced used by corrections officers was malicious and sadistic, and done for the purpose of causing harm to Plaintiff.

46.     As a result of said unnecessary, wanton use of force, Plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment.

47.     Plaintiff suffered and continues to suffer physical and mental injury as a result.

## COUNT III
## NEGLIGENCE AGAINST DEFENDANT SOUTH FLORIDA RECEPTION CENTER FOR THE JANUARY 2, 2019 INCIDENT

48.     Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 21, inclusive, as though fully set forth herein.

49.     Defendant SFRC owed a duty of care to Plaintiff BLACK to provide adequate medical care, including treatment for a mental health emergency and to provide a safe environment.

50.     Defendant SFRC breached its duty of care by ignoring the suicidal ideation of Plaintiff during his stated mental health emergency and by allowing its employees to commit battery against Plaintiff.

51.     As a result of said negligence, Plaintiff BLACK has suffered and continues to suffer damages, including but not limited to physical and emotional distress.

## COUNT IV
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY AND PROTECTION UNDER THE EIGHTH AMENDMENT FOR THE JULY 27, 2020 INCIDENT AGAINST DEFENDANTS JOHNSON and VALDEZ PURSUANT TO 42 U.S.C. §1983

52.     Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 11 and 22 through 33, inclusive, as though fully set forth herein.

53.     At all times material, Defendants officer VALDEZ and officer JOHNSON, as corrections officers, were acting under color of state law.

54.     The actions of Defendants VALDEZ and JOHNSON  resulted in the deprivation of Plaintiff's constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment

55.     The deprivation is sufficiently serious, and prison officials had a sufficiently culpable state of mind by which they showed deliberate indifference to Plaintiff's health and safety.

56.     Defendants officer JOHNSON and officer VALDEZ possessed requisite knowledge of the substantial risk that inmate Gridine would, and did, inflict a stab wound upon Plaintiff.

57.     As a result of the stabbing, Plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment, and Plaintiff suffered and continues to suffer physical and mental injuries as a result of same.

**COUNT V**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY AND PROTECTION**
**UNDER THE EIGHTH AMENDMENT FOR THE JULY 27, 2020 INCIDENT**
**AGAINST DEFENDANT MARTIN CORRECTIONAL INSTITUTION**
**PURSUANT TO 42 U.S.C. §1983**

58.     Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 11 and 22 through 33, inclusive, as though fully set forth herein.

59.     At all times material, DEFENDANT MARTIN CORRECTIONAL INSTITUTION ("MCI") was acting under color of state law.

60.     As a result of acts by Defendant MCI, Plaintiff suffered a deprivation of his Eighth amendment right to be free from cruel and unusual punishment by being stabbed in the neck while incarcerated.

61.     Defendant MCI showed deliberate indifference to Plaintiff's health and safety.

62.     Prison officials employed by Defendant MCI were aware of a danger to Plaintiff, a threat made to Plaintiff's life by a corrections officer employed by Defendant MCI, but failed to stop or prevent it.

63.     Upon information an belief, the officers employed by MCI coordinated the attached against Plaintiff along with inmate Gridine.

64.     As a result of the stabbing, Plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment.

65.     Plaintiff suffered and continues to suffer from physical and mental injuries as a result of same.

<u>**COUNT VI**</u>
<u>**NEGLIGENCE AGAINST DEFENDANT MARTIN CORRECTIONAL INSTITUTION**</u>
<u>**FOR THE JULY 27, 2020 INCIDENT**</u>

66.     Plaintiff repeats and realleges and incorporates by reference the allegations set forth in paragraph 1 through 11 and 22 through 33, inclusive, as though fully set forth herein.

67.     Defendant MARTIN CORRECTIONAL INSTITUTION ("MCI") owed a duty of care to Plaintiff BLACK to provide a safe environment.

68.     MCI knew or reasonably should have known that there was a substantial risk Plaintiff would be harmed.

69.     Defendant MCI breached its duty by failing to exercise reasonable care to prevent Plaintiff from being attacked.

70.     As a result of said negligence, Plaintiff BLACK suffered and continues to suffer from physical and mental injuries.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

B.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiffs in an amount to be determined at trial, plus prejudgment interest;

D.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) to the fullest extent permitted by law; and

E.  Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: January 1, 2023

> BLACK ROCK TRIAL LAWYERS, PLLC
>
> By: _____
> Gil Sanchez, Esq.
> Counsel for Plaintiff
> Florida Bar Number: 735981
> 201 S. Westland Ave.
> Tampa, Florida 33606
> (813) 254-1777 Office
> (813) 254-3999 Fascimile
> gil@blackrocklaw.com
> litigaton@blackrocklaw.com

11